# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE SUBPOENA ISSUED TO NON-PARTY DAVID DUKE | § <br> § <br> § <br> §    Misc. No. _____ <br> § <br> §    Underlying Case No.: <br> §    3:17-cv-00072-NKM (W.D.Va) <br> § <br> § |

## BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENA

**COMES NOW** non-party David Duke ("Movant") in the case of *Elizabeth Sines, et al. v. Jason Kessler, et al.*, Civil Action File No.: 17-cv-00072-NKM in the U.S. District Court for the Western District of Virginia, and files this Brief in Support for his Motion to Quash Subpoena, pursuant to Rule 45 of the Federal Rules of Civil Procedure, and would show as follows:

### Argument and Citation of Authorities

Movant timely filed his Motion to Quash Plaintiff's Subpoena on the date set for compliance with the subpoena, February 26, 2018, with the court issuing the subpoena, the U.S. District Court for the Western District of Virginia. On April 6, 2018, that court ordered that Movant's Motion to Quash Plaintiff's Subpoena be denied, due to the fact that it was filed improperly in the Western District of Virginia, and should have been filed in the Eastern District of Louisiana. A copy of this order is attached hereto as Exhibit "A". A copy of the original subpoena directed at movant is attached hereto as Exhibit "B".

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas.  To protect parties or non-parties from potential abuse of the subpoena power, a federal district court is empowered to grant a motion to quash or modify a subpoena. Fed. R. Civ. P. 45(c)(3). The decision to quash or modify a

subpoena is within the court's discretion; the court is under no obligation to employ the lesser remedy of modification before it may quash. *Tiberi v. Cigna Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994) (district court's decision to quash and encourage party to file more narrowly drawn subpoena, rather than ordering modification by court, was within court's sound discretion).

Because Rule 45 does not provide any specific time period for bringing a motion to quash or modify, courts have required that the motion be made before the date specified by the subpoena for compliance. *Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002) (motion to quash should be brought before noticed date of deposition commanded by subpoena); *In re Motorsports Merch. Antitrust Litig.*, 186 F.R.D. 344, 350 (W.D. Va. 1999) (a motion to quash subpoena two months after performance was due is untimely); *In Re Cam Publications*, 131 B.R. 556, 558 (S.D.N.Y. 1991) ("motion to quash a subpoena must be made "at or before the time specified in the subpoena for compliance therewith.") The time for compliance listed on the subpoena is February 26, 2018, so this Motion is timely.

Further, Rule 45 requires objections to be served on the party seeking the subpoena "before the earlier of the time specified for compliance or 14 days after the subpoena is served." F.R.C.P. 45(d)(2)(B). Because Movant was served with the subpoena on or about January 31, 2018, and the time for compliance is February 26, 2018, his objections were due on February 14, 2018. "Ordinarily, the failure to make timely objection to a subpoena duces tecum pursuant to [Rule 45] would waive any objection." *In re Motorsports Merch.*, 186 F.R.D. at 349. However, in "unusual circumstances and for good cause. . . the failure to act timely will not bar consideration of objections." Id. "Courts find such unusual circumstances where: (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for witness and counsel for subpoenaing party were in contact concerning the witness'

2

compliance prior to the time the witness challenged legal basis for the subpoena." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44 (S.D.N.Y. 1996).

Movant has served objections to the Document Requests that are the subject of the subpoena, on February 26, 2018. A copy of said objections is attached hereto as Exhibit "C". Movant's untimely objections should be considered by this court, because the subpoena is overbroad on its face, and would impose an undue burden and a significant expense on Mr. Duke, a non-party. The court in *Alexander v. FBI*, 186 F.R.D. 21 (D.D.C. 1998) found that certain requests in a subpoena "implicate[d] the factors set forth in Concord Boat and warrant consideration of the objections filed in response to the document requests. . . as timely." Id. at *34. It based this ruling on the fact that the request was "not limited to materials that may be relevant or lead to the production of admissible evidence nor is it restricted to the relevant time period." Id. at *35. Likewise, many of the requests aimed at Movant are not limited in scope or time period. For instance, Document Request No. 12 seeks "all documents and communications concerning any donations received by you or any entity with which you are affiliated that participated in or supported the rally or event in August 11, 2017, in Charlottesville, Virginia." Conspicuously missing from this request is a time window of any kind. As written, this request encompasses any donations received *at any time* by Movant. Even more blatant are Document Request Nos. 13, and 14., which seek "[a]ll documents between you and any of the following [15] individuals," and "[a]ll documents and communications to, from, or concerning the following [11] entities" respectively. Because the requests sought in the subpoena are overbroad on their face, and would impose undue burden and expense on Movant, a non-party, this Court should treat his objections as timely.

Because the objections to the Subpoena, as well as this Motion are timely, this subpoena should be quashed because it places an undue burden on Movant. Rule 45 states: "On timely motion,

the court for the district where compliance is required *must* quash or modify a subpoena that: . . (i) fails to allow a reasonable time to comply; or...(iv) Subjects a person to undue burden." F.R.C.P. 45(d)(3)(A).

Movant does hundreds of hours of radio programming every year. To require him to identify all instances in which he made mention of any of the defendants in the lawsuit or any comments about Charlottesville would require listening very closely for hundreds of hours and is unreasonable and impractical. Movant is an internationally known public figure and receives hundreds of thousands of emails every year. Movant's email client alone has an astounding 46 gigabytes of text data that Movant uses in his academic research. Most email addresses don't have the person's name or personal information. Many times people write and don't identify themselves, so simply identifying and or attempting to identify the defendant's emails or any correspondence is a task that would take many lifetimes of effort, and no search could identify the references sought by plaintiff with any degree of certainty.

Rule 45 seeks to prevent such an undue burden on non-parties, rather than encourage it. For these reasons, this Court should quash the subpoena directed at Movant.

WHEREFORE, David Duke, non-party, respectfully requests this Court to grant his Motion to Quash Subpoena for the reasons outlined herein.

This 18 day of April, 2018.

Respectfully submitted,

David Duke
*Pro Se*
240 Garden Avenue
Mandeville, LA 70471
(985) 869-0720
ernestduke@hotmail.com