# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIZABETH SINES, *et al.*, | |
| Plaintiffs, | Miscellaneous Action |
| v. | No. 18-4044 |
| JASON KESSLER, *et al.*, | Section "I" (2) |
| Defendants. | |

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DAVID DUKE'S MOTION TO QUASH

Plaintiffs hereby respectfully request that the Court deny the Motion to Quash Subpoena ("Mot.," "Motion," or "Motion to Quash") filed by David Duke, a non-party in the underlying litigation captioned *Sines v. Kessler*, No. 17-cv-00072 (NKM) (W.D. Va.) (the "Virginia Action"). R. Doc. 1.

## BACKGROUND

Duke's Motion to Quash relates to a non-party subpoena (the "Subpoena") that Plaintiffs served on Duke in the Virginia Action on January 26, 2018, in order to gather evidence related to Defendants' coordination and planning of the Unite the Right rally in Charlottesville, Virginia, on August 11 and 12, 2017. *See* Ex. 1 (First Amended Complaint ("FAC")); Ex. 2 (Subpoena); Ex. 3 (Aff. of Service).

The Virginia Action alleges, *inter alia*, a conspiracy to commit violence during the Unite the Right rally. As was publicly reported at the time, the Unite the Right rally was so violent and chaotic that the Governor of Virginia declared a state of emergency before the rally was even slated to officially begin. FAC ¶ 224. Ultimately, three people died, and one of the Defendants in the Virginia Action is currently being held in custody pending charges of first-degree murder

for driving his car into a group of counter-protestors. FAC ¶¶ 23, 278. Plaintiffs in the Virginia Action are people who were physically and emotionally harmed by the events of the Unite the Right rally, including sustaining injuries such as a broken leg and ankle, skull fracture, and concussion. FAC ¶¶ 17, 18. Plaintiffs allege that Defendants intended that the Unite the Right rally would be violent, and that they planned the rally to ensure such violence. FAC ¶¶ 3, 5, 61, 68, 98, 120, 188, 335.

Although Duke is not a Defendant in the Virginia Action, Plaintiffs allege that he promoted and was a high-profile attendee of the Unite the Right rally; participated in at least one planning meeting with key organizers; and raised money to enable co-conspirators to attend the rally. FAC ¶¶ 66, 128, 187, 317. The documents sought by the Subpoena go to core issues of planning and coordination in the Virginia Action. *See* Ex. 2 at Doc. Request No. ("Req.") 3. Among the information sought by the Subpoena are documents and communications sufficient to identify Duke's accommodations on the night of August 12, 2017; Duke's transportation to and from the rally; and entities with which Duke is affiliated that financially supported or assisted in organizing the rally. *See id.* at 4-5. The Subpoena also seeks documents and communications concerning precursors to the Unite the Right rally involving many of the same individuals and entities, including the torch-lit march in Charlottesville on August 11, 2017; the Ku Klux Klan rally in Charlottesville in July 2017; and the "Charlottesville 1.0" rally in May 2017. *See id.* at Reqs. 6-7, 9-10. The Subpoena further seeks documents and communications concerning meetings to plan the Unite the Right rally, as well as donations and efforts to solicit donations for Duke or others related to any of these rallies or events. *See id.* at Reqs. 8, 11-12. Finally, the Subpoena seeks documents and communications between Duke and the individuals and entities

named as Defendants in the Virginia Action.  *See id.* at Reqs. 13-14.  The Subpoena provides a time period for all Requests of "January 1, 2015 to the present."  *Id.* at Defs. & Instrs. No. 29.

Duke's deadline to serve objections on Plaintiffs was 14 days from service of the Subpoena, *i.e.*, February 9, 2018.  *See* Fed. R. Civ. P. 45(d)(2)(B).  Duke's deadline to comply with the Subpoena was 30 days from the date of service of the Subpoena, *i.e.*, February 26, 2018.  *See* Ex. 2 at 2; Ex. 3 at 1-2.

On February 26, 2018, the deadline to comply with the Subpoena, Duke filed a motion to quash (the "Virginia Motion") in the United States District Court for the Western District of Virginia, where the Virginia Action was pending (the "Virginia Court").  *See* Ex. 4 (Mot. to Quash Subpoena).  On the same day, Duke also filed a set of objections to the Subpoena in the Virginia Court.  *See* Ex. 5 (Movant's Objs.).  Duke did not meet and confer with Plaintiffs, or provide Plaintiffs with his objections, prior to filing the Virginia Motion.

On March 7, 2018, Plaintiffs contacted Duke and proposed a meet-and-confer to attempt to resolve Duke's objections without the Virginia Court's intervention.  *See* Ex. 6 (Bowman Ltr. to Duke).  Duke initially agreed to meet and confer on March 12, 2018, which was Plaintiffs' deadline to oppose the Virginia Motion, but then postponed the conference until March 13.  *See* Ex. 7 (March 11, 2018 Duke Email to Bowman) at 4.  On March 12, 2018, Plaintiffs opposed Duke's Motion to Quash in the Virginia Court on the grounds that it had been filed in the incorrect court according to Rule 45; that, even if the Virginia Motion were treated as a motion for a protective order under Rule 26, Duke's objections were untimely; and that, in any event, Duke failed to satisfy the requirements of Rules 26 and 45.  *See* Ex. 8 (Pls.' Opp. to Duke Mot. to Quash) at 4-12.  On March 14, 2018, the parties met and conferred regarding Plaintiffs' Subpoena.  *See* Ex. 7 at 2-3.

On April 6, 2018, the Virginia Court denied the Virginia Motion on the grounds that Duke had not filed it in "the court for the district where compliance is required," as prescribed by Rule 45. Ex. 9 (Order on Mot. to Quash) at 2. On April 17 and 18, 2018, the parties continued to meet and confer regarding the scope of the Subpoena, including regarding certain limitations on the scope and relevant time period that Duke requested and to which Plaintiffs agreed. *See* Ex. 7 at 2.

On April 18, 2018, Duke filed his Motion to Quash in this Court, which is substantively identical to the Motion filed in the Virginia Action. *See* Mot. & Ex. C.[1] On April 23, 2018, the Court ordered that any memoranda in opposition to Duke's Motion to Quash be filed by May 9, 2018. R. Doc. 2.

## ARGUMENT

Duke's Motion should be denied because his objections are untimely, and, in any event, he cannot establish any of the narrow grounds for quashing a subpoena pursuant to Rule 45. Objections to a non-party subpoena must be served on the party that served the subpoena "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). A subpoena must be quashed, upon timely motion, if it (1) "fails to allow a reasonable time to comply," (2) "requires a person to comply beyond the geographical limits specified in Rule 45(c)," (3) "requires disclosure of privileged or other protected matter," or (4) "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv).

As the Virginia Court observed, this Court is the proper venue for this Motion. *See* Ex. 9 at 2-4 (denying Virginia Motion "for lack of jurisdiction under Rule 45(d)(3)"). As the Virginia

---

[1] The Motion filed in this Court contains additional procedural history regarding the dismissal of the Virginia Motion, but does not acknowledge that the parties have met and conferred or that Plaintiffs have already offered to modify the Subpoena at Duke's request. The Motion's discussion of the relevant facts and legal principles is otherwise the same as in the Virginia Motion.

4

Court further noted, this Court may resolve the dispute or, "either with the consent of the nonparty or under 'exceptional circumstances,' transfer the motion to the issuing court." *Id.* at 3 (quoting *United States ex rel. Ortiz v. Mt. Sinai Hosp.*, 169 F. Supp. 3d 538, 543 (S.D.N.Y. 2016)).

I. **Duke's Objections to the Subpoena are Untimely.**

Duke's objections to the Subpoena were not timely, and the Motion should be denied on that basis. Objections must be served on the party that served the subpoena "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Because Duke was served on January 26, 2018, *see* Ex. 3 at 1, his objections were due on February 9, but they were not filed until February 26, *see* Mot. 2. As Duke acknowledges, "[o]rdinarily, the failure to make timely objection to a subpoena duces tecum pursuant to [Rule 45] would waive any objection." Mot. 2 (quoting *In re Motorsports Merch. Antitrust Litig.*, 186 F.R.D. 344, 349 (W.D. Va. 1999)); *see La. Generating, L.L.C. v. Ill. Union Ins. Co.*, No. CIV.A. 10-516-JJB-SC, 2011 WL 6259052, at *2 (M.D. La. Dec. 14, 2011) (citing cases) ("Courts within the Fifth Circuit have consistently held that failure to serve timely objections to a Rule 45 subpoena generally results in a waiver of all grounds for objection, including privilege."). Thus, Duke has waived any objections to the Subpoena, and the Motion to Quash should be denied. *See id.*; *accord Payne v. Forest River, Inc.*, No. CIV.A. 13-679-JWD, 2014 WL 7359059, at *4 (M.D. La. Dec. 23, 2014) (finding that non-party "waived its objections to the Rule 45 subpoena served upon it" where it did not serve timely objections or seek an extension and rather simply moved to quash); *Duplantier v. Bisso Marine Co.*, No. CIV.A. 09-8066, 2011 WL 2600995, at *3 (E.D. La. June 30, 2011) (same).

Duke asserts that the Court should excuse his failure to file timely objections because this case features "unusual circumstances," including that the Subpoena is "overbroad on its face"

5

and "would impose an undue burden and a significant expense" on Duke. Mot. 2-3 (quoting *In re Motorsports Merch.*, 186 F.R.D. at 349; *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 50 (S.D.N.Y. 1996)).[2] As an initial matter, there is nothing "unusual" about a subpoena that the recipient believes to be overbroad. Indeed, those are precisely the circumstances for which timely objections, and a meet-and-confer process, are designed. Duke has offered no excuse for his lack of timeliness. Moreover, the Subpoena was proper, as discussed below.

## II. Even If Duke's Objections to the Subpoena Were Timely, the Court Should Deny the Motion.

Even if his objections were timely, Duke's Motion should be denied because he cannot establish any of the narrow grounds for quashing a subpoena pursuant to Rule 45. A subpoena must be quashed, upon timely motion, if it (1) "fails to allow a reasonable time to comply," (2) "requires a person to comply beyond the geographical limits specified in Rule 45(c)," (3) "requires disclosure of privileged or other protected matter," or (4) "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Duke focuses on the first and fourth prongs, arguing that the Subpoena "fails to allow a reasonable time to comply" and subjects Duke to "undue burden." Mot. 3-4 (quoting Fed. R. Civ. P. 45(d)(3)(A)). Duke cannot establish either ground.

### A. Duke Fails to Show That the Subpoena "Fails to Allow a Reasonable Time to Comply."

The Subpoena gave Duke 30 days to comply. *See* Ex. 2 at 2; Ex. 3 at 2. On March 14, 2018, Plaintiffs agreed at Duke's request to amend that deadline to be "30 days to produce documents from when we agree on a date range to the search." *See* Ex. 7 at 2. Plaintiffs and

---

[2] Duke cites no Fifth Circuit or Louisiana district court decisions employing the principles set forth in *In re Motorsports Merch.*, 186 F.R.D. at 349, or *Concord Boat Corp.*, 169 F.R.D. at 50.

6

Duke have not yet agreed on that date range or on other search parameters as specified in the meet-and-confer. *See id.*

Duke cites no authority supporting the argument that a 30-day initial deadline, plus an additional 30 days from the parties' agreement on search parameters, is not "reasonable" under Rule 45. To the contrary, case law in this District supports the proposition that 60 or more days is far more than sufficient to comply with a subpoena. *See, e.g.*, *Biological Processors of Al., Inc. v. N. Ga. Envtl. Servs., Inc.*, No. 09-3673, 2009 WL 1663102, at *2 (E.D. La. June 11, 2009), *modified on reconsideration*, No. 09-3673, 2009 WL 2160984 (E.D. La. July 15, 2009) (citing cases) (finding a three-day deadline to be unreasonable but noting that "the 14–day period for serving objections set forth in Fed. R. Civ. P. 45(c)(2)(B) is generally considered a reasonable time" for complying with a Rule 45 subpoena); *Freeport McMoran Sulpher, LLC v. Mike Mullen Energy Equip. Res., Inc.*, No. CIV.A.03-1496, 2004 WL 595236, at *9 (E.D. La. Mar. 23, 2004) ("On its face, the 14–day time period cannot be held to be unreasonable.").

Duke also gives no factual reason to believe that this deadline is unreasonable in this particular situation. Indeed, he himself proposed the 30-day extension, which Plaintiffs accepted. *See* Ex. 7 at 2. The Motion to Quash is silent as to this request and this extension. Duke also misstates the burden placed upon him by the Subpoena. Duke claims that he "does hundreds of hours of radio programming every year," such that responding to the Requests "would require listening very closely for hundreds of hours," and that searching his email and correspondence for responsive material "would take many lifetimes of effort." Mot. 4. Not only are Duke's statements based on his failure to appreciate the Subpoena's limitations on time and scope (as further explained below), but Duke also ignores that Plaintiffs have already informed Duke that "we are only asking you to search for and produce non-public materials" (excluding,

for example, his radio programming), and that Plaintiffs have already agreed to "narrow the date range for the search" for non-public materials (thus reducing Duke's burden to search for responsive emails). Ex. 7 at 2. Duke also disregards his ability to filter and search his data in response to those limitations.

Even if the deadline given in this case were unreasonable, which it is not, quashing the Subpoena for this reason would be improper. To the extent that Duke were willing in good faith to produce documents but required longer than 30 days from agreement on search parameters— or to the extent that searching for certain subject matter would be particularly difficult, as Duke suggests, *see* Mot. at 4—Plaintiffs are available to meet and confer regarding further reasonable extensions, as they already have. Furthermore, even if the Court found this deadline to be too limited, the solution is not to quash the Subpoena but to modify the Subpoena to allow more time in which to respond. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (holding that district court abused discretion by quashing rather than modifying subpoena; "Generally, modification of a subpoena is preferable to quashing it outright").

> **B.   Duke Fails to Show That the Subpoena Subjects Duke to an "Undue Burden."**

In the Fifth Circuit:

> To determine whether [a Rule 45] subpoena presents an undue burden, we consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad.

*Wiwa*, 392 F.3d at 818 (citations omitted).

Here, the information is relevant and beneficial to Plaintiffs; the requests are particularized and appropriately limited in scope and time period; and, despite Duke's arguments otherwise, compliance with the Subpoena would not impose a significant burden or expense on Duke. This case therefore does not present circumstances to justify quashing the Subpoena under Rule 45.

### 1. The Information is Relevant and Beneficial to Plaintiffs.

The first two factors considered by the Fifth Circuit are the "relevance of the information requested" and "the need of the party for the documents." *Wiwa*, 392 F.3d at 818. Here, the documents requested would be of great benefit in discovering the full extent of the conspiracy to plan and commit violence in Charlottesville. As alleged in the FAC in the Virginia Action, Duke attended meetings with co-conspirators, including Defendants Robert "Azzmador" Ray, Christopher Cantwell, and Elliot Kline a/k/a Eli Mosley, to plan the violent events of August 11 and 12, 2017. FAC ¶¶ 66, 317. Duke solicited donations on behalf of members of the conspiracy in order to help them attend the Unite the Right rally on August 12. *Id.* ¶ 128. And Duke encouraged others to attend the torch-lit march on August 11, at which several Plaintiffs were injured. *Id.* ¶ 187. The Virginia Action thus alleges that Duke was a co-conspirator of Defendants and intimately involved in organizing the violent events that harmed Plaintiffs and gave rise to the lawsuit.

The documents sought in the Subpoena are targeted to obtain relevant information in Duke's possession. For example, Duke objects to Request 3. *See* Mot. Ex. C at 2. That request seeks "documents and communications concerning any rally or event on August 12, 2017 in Charlottesville, Virginia," including communications that "anticipated, planned, publicized, reported on, or otherwise concern such rally or event." Ex. 2 at Req. 3. The planning of the rally

9

is the central subject matter of the Virginia Action, and information in Duke's possession concerning the rally's organization is highly relevant.

### 2. The Subpoena Contains Appropriate Limitations on Time and Scope, and the Requests Are Appropriately Particularized.

The next three factors considered by the Fifth Circuit are the "breadth of the document request," "the time period covered by the request," and "the particularity with which the party describes the requested documents." *Wiwa*, 392 F.3d at 818. "A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Id.*

Duke's assertion that "many of the requests aimed at Movant are not limited in . . . time period," Mot. 3, overlooks that the Subpoena limits the time period for all Requests to "January 1, 2015 to the present." Ex. 2 at Defs. & Instrs. No. 29. Duke's Motion simply ignores that paragraph. Although Plaintiffs pointed out this omission in their opposition to the Virginia Motion, *see* Ex. 8 at 8, Duke nonetheless repeats this mischaracterization in this Court. Additionally, on April 17, 2018, Plaintiffs offered to further limit the time period to "June 1, 2017, to the present." Ex. 7 at 2.[3] Duke's statements that the requests are not limited in time period and that Request 12 is "[c]onspicuously missing . . . a time window of any kind," Mot. 3, are thus incorrect.

Moreover, although Duke claims that "many of the requests" are not "limited in scope," Mot. 3, the Subpoena requests documents and communications concerning the subject matter, individuals, and entities involved in the litigation—namely, those who planned and participated in the Unite the Right rally in Charlottesville. Duke focuses on three Requests (12, 13, and 14) in alleging an overly broad subpoena.

---

[3] Only after filing the Motion to Quash on April 18, 2018, did Duke reply to Plaintiffs with a counterproposal of "June 1st through Oct 1st [2017]." Ex. 7 at 2.

10

Request 12 was intended to be limited in scope to those donations received by Duke from January 1, 2015, to the present relating to the subject matter, individuals, and entities involved in the litigation. It was not Plaintiffs' intention to request "any donations received *at any time*," as Duke appears to believe. Mot. 3. Indeed, Plaintiffs already informed Duke of this fact in their opposition to the Virginia Motion. *See* Ex. 8 at 8. Duke continues, however, to attack a straw-man request that Plaintiffs have not made. Regardless, any confusion regarding the scope of Request 12 does not necessitate the Court granting the Motion to Quash. *See Wiwa*, 392 F.3d at 818.

Similarly, Requests 13 and 14 are not "blatant" in their overbreadth. Mot. 3. Those Requests seek communications with and regarding the individuals and entities that are Defendants in the Virginia Action. Plaintiffs reasonably believe that all such communications are likely to relate to the subject matter of the Virginia Action. If Duke has a good-faith basis for disagreeing, he has not explained it in his Motion (or in the Virginia Motion).

For the same reasons, the Requests have the required "particularity" under Rule 45. *See Wiwa*, 392 F.3d at 818. The Virginia Action alleges that Duke attended, promoted, and was involved in planning and fundraising for the Unite the Right rally, *see* FAC ¶¶ 66, 128, 187, 317, and the Subpoena requests documents and communications concerning the rally, including planning and fundraising, *see* Ex. 2 at Reqs. 3, 5, 11. Duke gives no reason to dispute Plaintiffs' reasonable belief that the requested documents and communications are likely to relate to the subject matter of the Virginia Action.

The Subpoena in this case is therefore unlike subpoenas that courts have found to be overbroad due to a lack of limitations on time and/or scope. For example, in *Alexander v. FBI*, cited by Duke, *see* Mot. 3, the Court found that the relevant "request is not limited to materials

11

that may be relevant or lead to the production of admissible evidence nor is it restricted to the relevant time period." 186 F.R.D. 21, 35 (D.D.C. 1998). Here, the requests—especially in light of the modifications already offered by Plaintiffs—*are* "limited to materials that may be relevant or lead to the production of admissible evidence" in the Virginia Action and *are* "restricted to the relevant time period." *Id.*; *see HomeLife in the Gardens, LLC v. Landry*, No. CV 16-15549, 2018 WL 733213, at *3 (E.D. La. Feb. 6, 2018) (quashing subpoena because, unlike here, plaintiff "was unable to articulate a reason for requesting these communications").

### 3. Duke Fails to Substantiate His Conclusory Claims of Burden and Expense.

The fifth factor considered by the Fifth Circuit is "the burden imposed" on the subpoenaed entity. *Wiwa*, 392 F.3d at 818. Courts also consider "the expense and inconvenience to the non-party." *Id.* "The moving party has the burden of demonstrating that compliance with the subpoena would be unduly burdensome." *Bounds v. Capital Area Family Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016); *see id.* at 220 (requiring that the parties provide evidence "regarding the anticipated time required for collecting, reviewing, and producing responsive emails, and the specific justifications for such").

Here, although Duke generally claims that compliance with the Subpoena "would impose an undue burden and a significant expense" on him, Mot. 3, he fails to substantiate those conclusory assertions through sufficient evidence. Duke contends that he "does hundreds of hours of radio programming every year," such that responding to the Requests "would require listening very closely for hundreds of hours." *Id.* This argument is a red herring: as stated above, Plaintiffs have already clarified that they are not seeking to make Duke review and produce already public materials. *See* Ex. 7 at 2. Duke also states that he "receives hundreds of thousands of emails," such that identifying correspondence with Defendants "would take many

lifetimes of effort." Mot. 4. But Duke does not support these conclusory statements with evidence or even attempt to quantify the expenses that would be involved. Moreover, Duke's estimates do not take into account the time-and-scope limitations given in the Subpoena, and do not take into account the parties' meet-and-confer history, which, among other things, reduced the relevant time period. *See* Ex. 7. The total size of "text data that Movant uses in his academic research," Mot. 4, is similarly irrelevant, because Plaintiffs have not requested all of Duke's data, and Duke ignores the possibility of using search terms, transcription software, and other technology to filter and search his data. Indeed, it is routine in federal litigation for far larger databases to be searched, even by non-parties, once appropriate discovery parameters have been negotiated.

Thus, Duke did not meet his "burden of demonstrating that compliance with the subpoena would be unduly burdensome." *Bounds*, 314 F.R.D. at 218. Duke's claim that he would suffer "undue burden and a significant expense" from the Subpoena, Mot. 3, fails.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Duke's Motion to Quash.

Dated:  May 9, 2018                                         Respectfully submitted,

                                                            */s/ Alysson L. Mills*
                                                            Alysson L. Mills
Philip M. Bowman (*pro hac vice* pending)                   Molly Wells
Joshua J. Libling (*pro hac vice* pending)                  FISHMAN HAYGOOD, LLP
Yotam Barkai (*pro hac vice* pending)                       201 St. Charles Avenue, Suite 4600
BOIES SCHILLER FLEXNER LLP                                  New Orleans, LA 70170-4600
575 Lexington Avenue                                        Telephone: (504) 586-5253
New York, NY 10022                                          Fax: (504) 586-5252
Telephone: (212) 446-2300                                   amills@fishmanhaygood.com
Fax: (212) 446-2350
pbowman@bsfllp.com
jlibling@bsfllp.com
ybarkai@bsfllp.com

Of Counsel:

| | |
|---|---|
| Roberta A. Kaplan<br>Julie E. Fink<br>Gabrielle E. Tenzer<br>Christopher B. Greene<br>Seguin L. Strohmeier<br>KAPLAN & COMPANY, LLP<br>350 Fifth Avenue, Suite 7110<br>New York, NY 10118<br>Telephone: (212) 763-0883<br>rkaplan@kaplanandcompany.com<br>jfink@kaplanandcompany.com<br>gtenzer@kaplanandcompany.com<br>cgreene@kaplanandcompany.com<br>sstrohmeier@kaplanandcompany.com | Karen L. Dunn<br>William A. Isaacson<br>BOIES SCHILLER FLEXNER LLP<br>1401 New York Ave, NW<br>Washington, DC 20005<br>Telephone: (202) 237-2727<br>Fax: (202) 237-6131<br>kdunn@bsfllp.com<br>wisaacson@bsfllp.com |
| Alan Levine<br>COOLEY LLP<br>1114 Avenue of the Americas, 46th Floor<br>New York, NY 10036<br>Telephone: (212) 479-6260<br>Fax: (212) 479-6275<br>alevine@cooley.com | David E. Mills<br>COOLEY LLP<br>1299 Pennsylvania Avenue, NW<br>Suite 700<br>Washington, DC 20004<br>Telephone: (202) 842-7800<br>Fax: (202) 842-7899<br>dmills@cooley.com |
| Robert T. Cahill<br>COOLEY LLP<br>11951 Freedom Drive, 14th Floor<br>Reston, VA 20190-5656<br>Telephone: (703) 456-8000<br>Fax: (703) 456-8100<br>rcahill@cooley.com | |

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2018, I served the foregoing via electronic mail to:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jeff Schoep, Nationalist Front, National Socialist Movement, Matthew Parrott, Matthew Heimbach, Robert Ray, Traditionalist Worker Party, Elliot Kline, Jason Kessler, Vanguard America, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), and Christopher Cantwell*

Michael Peinovich
a/k/a Michael "Enoch" Peinovich
PO Box 1069
Hopewell Junction, NY 12533
mpeinovich@gmail.com

*Pro Se Defendant*

I further hereby certify that on May 9, 2018, I also served the following participants, via U.S. mail, First Class and postage prepaid, addressed as follows:

David Duke
240 Garden Avenue
Mandeville, LA 70471

Loyal White Knights of the Ku Klux Klan
a/k/a Loyal White Knights Church of
the Invisible Empire, Inc.
c/o Chris and Amanda Barker
P.O. Box 54
Pelham, NC 27311

East Coast Knights of the Ku Klux Klan
a/k/a East Coast Knights of the
True Invisible Empire
26 South Pine St.
Red Lion, PA 17356

Richard Spencer
1001-A King Street
Alexandria, VA 22314

Fraternal Order of the Alt-Knights
c/o Kyle Chapman
52 Lycett Circle
Daly City, CA 94015

Moonbase Holdings, LLC
c/o Andrew Anglin
P.O. Box 208
Worthington, OH 43085

Augustus Sol Invictus
9823 4th Avenue
Orlando, FL 32824

Andrew Anglin
P.O. Box 208
Worthington, OH 43085

*/s/ Alysson L. Mills*
Alysson L. Mills
Molly Wells
FISHMAN HAYGOOD, LLP
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170-4600
Telephone: (504) 586-5253
Fax: (504) 586-5252
amills@fishmanhaygood.com

*Counsel for Plaintiffs*

2