UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ELIZABETH SINES ET AL.                                    MISC. ACTION

VERSUS                                                    NO. 18-4044

JASON KESSLER ET AL.                                      SECTION "I" (2)

## ORDER AND REASONS ON MOTION

This matter arises from a civil action pending in the United States District Court for the Western District of Virginia concerning the violent, racially and ethnically charged disturbances that occurred in Charlottesville, Virginia, during the summer of 2017. Plaintiffs are individuals who allege that their constitutional rights were violated and that they were physically and/or emotionally injured when defendants and others engaged in a conspiracy and then conducted a planned and coordinated series of violent and threatening demonstrations in Charlottesville, financed by solicitations and/or donations and resulting in numerous injuries and three deaths. Defendants are a collection of individuals and organizations, all of whom allegedly espouse and act upon white nationalist/supremacist, Neo-Nazi and racist views.

Seven causes of action are asserted. Two are federal claims, including conspiracy to violate plaintiffs' constitutional rights in violation of 42 U.S.C. § 1982 and failure to prevent those violations by informing lawful authorities in violation of 42 U.S.C. §1986. The remaining causes of action are Virginia state law and statutory claims, including civil conspiracy; negligence per se through acts of terrorism and violence; racial, religious or

ethnic harassment; assault and battery; and intentional infliction of emotional distress. Record Doc. No. 175 (First Amended Complaint at ¶¶ 336-70).

On January 24, 2018, the clerk of the United States District Court for the Western District of Virginia issued a subpoena duces tecum, which was served upon David Duke, a resident of Mandeville, Louisiana, on January 26, 2018. Compliance through document and ESI ("electronically stored information") production was required to occur in this judicial district on February 26, 2018. Record Doc. No. 12-3 at p. 2 (Affidavit of Service); Record Doc. No. 1-2 at p. 6 (Subpoena). Although Duke is not a named defendant in the Western Virginia case, he is specifically identified in plaintiffs' first amended complaint as a co-conspirator with the named defendants who allegedly participated himself in the coordination, planning, fund-raising for and execution of defendants' activities in Charlottesville that are the basis of the lawsuit. See, e.g., Record Doc. No. 175 (First Amended Complaint at ¶¶ 66, 128, 187, 317).

On February 23, 2018, 28 days after he was served with the subpoena and three days before the compliance date, Record Doc. No. 1-2 at p. 43 (Certificate of Service of Movant's Objections), Record Doc. No. 238 in Case No. 17-72 (W.D. Va.) (Certificate of Service of W.D. Va. Motion to Quash), Duke served[1] on plaintiff's counsel both objections to the subpoena under Fed. R. Civ. P. 45(d)(2)(B) and a motion to quash under Fed. R. Civ. P. 45(d)(3),which were physically filed in the Western District of Virginia record on the

---

[1]Service of this kind of "paper" is "complete upon mailing." Fed. R. Civ. P. 5(b)(2)(c).

compliance date, February 26, 2018. Record Doc. Nos. 235, 237 in Case No. 17-72 (W.D. Va.). The court in Virginia denied the motion to quash, but only on grounds that it had been filed in the wrong court. The denial was without prejudice to re-filing the motion to quash here. Record Doc. No. 297 in Case No. 17-72 (W.D. Va.).

In light of that ruling and 12 days after it issued, on April 18, 2018, Duke filed the instant motion to quash the subpoena in this court. Record Doc. No. 1. Plaintiffs filed a timely opposition memorandum. Record Doc. No. 12. Considering the motion papers, the public record of the case pending in the Western District of Virginia and the applicable law outlined below, IT IS ORDERED that the motion is GRANTED IN PART AND DENIED IN PART as follows.

ANALYSIS

(1) General Legal Standards

Subpoenas duces tecum "'are discovery devices which, although governed in the first instance by Rule 45, are also subject to the parameters established by Rule 26.'" Garvin v. S. States Ins. Exchg. Co., No. 1:04cv73, 2007 WL 2463282, at *5 n.3 (N.D. W. Va. Aug. 28, 2007) (quoting In re Application of Time, Inc., 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999), aff'd, 209 F.3d 719, 2000 WL 283199 (5th Cir. 2000)); see Nicholas v. Wyndham Int'l, Inc., No. 2001/147-M/R, 2003 WL 23198847, at *1-2 (D.V.I. Oct. 1, 2003) (the "clear majority position [is] that use of Rule 45 subpoenas constitutes discovery"); Mortg. Info. Servs. v. Kitchens, 210 F.R.D. 562, 566-67 (W.D.N.C. 2002) ("a Rule 45

3

subpoena does in fact constitute discovery"); accord Martin v. Oakland Cnty., No. 2:06-CV-12602, 2008 WL 4647863, at *1 (E.D. Mich. Oct. 21, 2008); Fabery v. Mid-S. Ob-GYN, No. 06-2136, 2000 WL 35641544, at *1 (W.D. Tenn. May 15, 2000). Thus, both Fed. R. Civ. P. 45 and 26(b) apply to the instant motion.

Fed. R. Civ. P. 45(d)(1) requires that the party issuing a subpoena to a non-party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply . . . or (iv) subjects a person to undue burden."

A person – like Duke – who receives a subpoena and moves to quash or modify it "has the burden of proof to demonstrate that compliance would impose undue burden or expense. Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004) (emphasis added). Proof actually establishing the extent of the alleged undue burden is required to obtain relief, not mere unsupported generalizations, conclusory statements or assertions. "Generally, modification of a subpoena is preferable to quashing it outright." Id. In determining whether a particular subpoena presents an undue burden, the court must consider "(1) relevance of the information requested; (2) the need of the party for the [subpoenaed materials]; (3) the breadth of the . . . request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested [materials]; and (6) the burden imposed. Further, if the person to whom the . . . request is made is a

4

non-party, the court may also consider the expense and inconvenience to the non-party."
Id.

As to Rule 26, the scope of permissible discovery is established in Fed. R. Civ. P. 26(b)(1) and extends only to that which is both relevant to claims and defenses in th case and within the Rule's proportionality limits. Relevance focuses on the claims and defenses in the case, not its general subject matter. Proportionality analysis involves consideration of various factors, including the importance of the issues at stake, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit. In addition, "[o]n motion <u>or on its own</u>, the court must limit the frequency <u>or extent</u> of discovery otherwise allowed by these rules . . . if it determines that (i) the discovery sought is unreasonably cumulative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; [or] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C) (emphasis added).

(2)     <u>Timeliness of Movant's Objections</u>

Plaintiffs argue that Duke's <u>motion</u> is untimely and should be denied for that reason because his <u>objections</u> were not filed within 14 days after the subpoena was served, as required by Fed. R. Civ. P. 45(d)(2)(B). I reject this argument for the following reasons.

When a non-party to a lawsuit, like Duke, is served with a subpoena duces tecum, the non-party has two procedural mechanisms by which to challenge the subpoena, both of which Duke exercised in this case. First, the non-party "**may** serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested." Fed. R. Civ. P. 45(d)(2)(B) (emphasis added). Significantly, this rule uses the permissive "**may**." It does not use the mandatory "shall" or "must." The non-party is not required to serve written objections. Instead, serving written objections is a less formal, easier, usually less expensive method of forestalling subpoena compliance when compared to the separate option of filing a motion to quash or modify the subpoena, as discussed below. However, if the subpoena recipient chooses to serve written objections rather than file a motion to quash or modify, the objections must be served on the issuing party "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Id.

> This fourteen-day objection period only applies to subpoenas demanding the production of documents, tangible things, electronically stored information, or the inspection of premises . . . . A failure to object within the fourteen-day period usually results in waiver of the contested issue. However, the district court, in its discretion, may entertain untimely objections if circumstances warrant.

9A C. Wright, A. Miller, M. Kane, R. Marcus, A. Spencer, A. Steinman, Federal Practice and Procedure § 2463 (3d ed. 2017) (hereinafter "Wright & Miller") (available on Westlaw at FPP § 2463).

6

Thus, even untimely objections may be excused when, for example, a subpoena is overly broad on its face or places a significant burden on a non-party. See D. Lender, J. Friedmann, J. Bonk, Subpoenas: Responding to a Subpoena 6 (Thomson Reuters 2013) (hereinafter "Lender") (available at https://www.weil.com, search "subpoenas") (citing Semtek Int'l, Inc. v. Merkuriy Ltd., No. 3607, 1996 WL 238538, at *2 (N.D.N.Y. May 1, 1996)). Moreover, as noted above, subpoenas duces tecum are discovery devices governed by Rule 45, but also subject to the parameters established by Rule 26. "[T]he court retains discretion to decline to compel production of requested documents when the request exceeds the bounds of fair discovery, even if a timely objection has not been made." Schooler v. Wal-Mart Stores, Inc., No. 14-2799, 2015 WL 4879434, at *1 (E.D. La. Aug. 14, 2015) (citing Fifty-Six Hope Rd. Music, Ltd. v. Mayah Collections, Inc., No. 2:05-cv-01059-KJD-GWF, 2007 WL 1726558, at *4 (D. Nev. June 11, 2007); Lucero v. Martinez, No. 03-1128, 2006 WL 1304945, at *2 (D.N.M. Mar. 11, 2006)).

Serving written objections under Rule 45(d)(2)(B) may provide the recipient with several advantages. For example, asserting objections can be done informally without going to court, shifts the burden and expense of commencing motion practice in court to the issuing party and affords the subpoena recipient additional time in the event the recipient is ultimately obligated to comply with the demands in the subpoena. Lender, supra, at p. 7.

The non-party's second option, under Rule 45(d)(3), is to file a motion to modify or quash the subpoena as a means of asserting its objections to the subpoena. Unlike serving Rule 45(d)(2)(B) written objections, a motion to quash is <u>not</u> subject to the 14 day requirement. Instead, the rule provides simply that the motion to quash must be "timely." Fed. R. Civ. P. 45(d)(3)(A). As the leading commentators and the case law they rely upon explain, the "14-day requirement to object to a subpoena is **not relevant** to a motion to quash a subpoena," Wright & Miller § 2463 (emphasis added) and cases cited therein at n.10, including <u>COA Inc. v. Xiamei Houseware Group Co.</u>, No. C13-771, 2013 WL 2332347, at *2 (W.D. Wash. May 28, 2013) (citing <u>King v. Fidelity Nat. Bank</u>, 712 F.2d 188, 191 (5th Cir. 1983)); <u>In re Kulzer</u>, No. 3:09-MC-08, 2009 WL 961229 (N.D. Ind. Apr. 8, 2009), <u>aff'd</u>, 2009 WL 2058718 (N.D. Ind. July 9, 2009), <u>rev'd on other grounds sub nom. Heraeus Kulzer, GmbH v. Biomet, Inc.</u>, 633 F.3d 591 (7th Cir. 2011) (motion to quash was timely even though not served within 14-day time limit).

""While 'timely' is not defined in [Rule 45(d)(3)(A)] nor elaborated upon in the advisory committee notes . . . , [i]n general, courts have read 'timely' to mean within the time set in the subpoena for compliance."" <u>In re Ex Parte Application of Grupo Mexico SAB de CV</u>, No. 3:14-MC-0073-G, 2015 WL 12916415, at *3 (N.D. Tex. Mar. 10, 2015), <u>aff'd sub nom. Grupo Mexico SAB de CV v. SAS Asset Recovery, Ltd.</u>, 821 F.3d 573 (5th Cir. 2016) (quoting <u>U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.</u>, 238 F. Supp. 2d 270, 278 (D.D.C. 2002)). "It is well settled that, to be timely, a motion to quash

a subpoena must be made prior to the return date of the subpoena." Estate of Ungar v. Palestinian Auth., 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006) (emphasis added). In addition, "[c]ourts may excuse delay for the same reasons that justify delay in serving written objections." Lender, supra, at p. 9 (citations omitted).

In this case, plaintiffs served the subject subpoena on January 26, 2018. The return date provided in the subpoena for production of the documents was February 26, 2018. Although it was formally filed in the Virginia court's record on February 26th, Duke's motion to quash in the Virginia court was served on February 23, 2018, Record Doc. No. 10, three days before the return date. The motion was therefore timely within the meaning of Rule 45(d)(3)(A) and preserved Duke's objections.

Plaintiffs cite two reported decisions issued by other Louisiana-based United States Magistrate Judges in support of its argument that Duke waived his objections to the subpoena by failing to serve written objections within 14 days of his receipt of the subpoena, despite his subsequent, timely filing of a motion to quash. Record Doc. No. 12 at p. 5. I recognize that both Duplantier v. Bisso Marine Co., No. 09-8066, 2011 WL 2600995 (E.D. La. June 30, 2011), and Payne v. Forest River, Inc., No. 13-679-JWD-RLB, 2014 WL 7359059 (M.D. La. Dec. 23, 2014), graft the Rule 45(d)(**2**) 14-day period for serving written objections onto the separate and distinct Rule 45(d)(**3**) motion to quash or modify procedure. However, neither decision recognizes that the motion need only be "timely." Duplantier did so conclusorily, with no discussion or analysis of the law

9

discussed above. Payne states that, "[h]aving been served with a Rule 45 subpoena, [the recipient] had a duty to serve its objections 'before the earlier of the time specified for compliance or 14 days after the subpoena is served.'" Id. at *4. No such duty exists, unless the recipient chooses the Rule 45(d)(**2**) written objections procedural vehicle as his exclusive means of challenging the subpoena. In Payne, the subpoena recipient opted to file a motion to quash or modify. It was undoubtedly true, as the Magistrate Judge stated, that the recipient in Payne "provided no legal authority for its argument that the filing of a motion to quash a Rule 45 subpoena . . . suffices as a timely objection . . . by the non-party." Id. Yet, that authority exists in the structure and plain language of Rule 45 itself, the expert commentary and the case law discussed above.

In my view, Payne and Duplantier are erroneous as a matter of law. Their reasoning is unpersuasive, and they are not Fifth Circuit precedent binding upon me. Rules 45(d)(**2**) and 45(d)(**3**) provide a non-party subpoena recipient with two separate and distinct procedural vehicles for asserting objections to a subpoena. One is not dependent upon or tied to the other. One must be filed within 14 days of receipt; the other must merely be "timely," ordinarily meaning filed before the date set in the subpoena for compliance. In this case, Duke properly asserted his objections in a timely motion to quash filed in the Virginia federal court under Rule 45(d)(3).

(3)  Particulars of the Subpoena

The principal objections to the subpoena asserted in the motion are that it is overly broad, including that the requests lack "a time window of any kind," Record Doc. No. 1-1 at p. 3, and that it exposes the subpoena recipient to undue burden and expense.

The objection that the production requests in the subpoena are unlimited in time is sustained. The "time period covered by the request" is one of the factors the court must consider. In both their discussions with movant in attempting to resolve their dispute and in their memorandum in opposition to the motion, Record Doc. Nos. 12 at p. 10 and 12-7 at p. 2, plaintiffs expressed their willingness to restrict the time period covered by the requests to June 1, 2017, to the present. The principal events on which the complaint is based occurred on August 11-12, 2017. Record Doc. No. 175. Six weeks before these dates to the present is a reasonable time period during which to address the systematic planning and coordination of the events and their aftermath allegedly involving defendants and Duke, whom the complaint specifically alleges was a co-conspirator with defendants who actively participated in the planning, coordination and funding of the activities upon which plaintiff's claims are based. Accordingly, IT IS ORDERED that the subpoena is modified, in that all requests as to which this order requires movant to make production are limited to the time period June 1, 2017, to the present.

Subject to the foregoing time limitation, all other objections as to Requests Nos. 1, 2, 3, 4, 6, 8, 9, 10, 11 and 12 are overruled. These requests are narrowly drawn in that they are limited to events or occurrences described with great particularity and that have clear

and substantial relevance to the claims asserted in the complaint. They are proportionate to the needs of the case, considering the factors enumerated in Rule 26(b)(1). Specifically, the issues at stake in the litigation are important matters of interest both to the parties themselves and to the public at large. The discovery these requests seek is important to resolving plaintiffs' claims of conspiracy, coordination, planning and funding – all of which are significant to the intent element of several of the causes of action. The subpoena recipient's access to the requested information is vastly superior to plaintiffs'. While plaintiffs' legal representation resources appear superior to movant's, the court has no information concerning the resources of the parties themselves. The amount in controversy is unspecified, but appears substantial in light of the significant extent of physical and emotional damages alleged by the numerous plaintiffs. Plaintiffs have substantial need for this discovery.

While some burden may be imposed upon movant in responding to these requests, I cannot conclude that his burden or expense is outweighed by the likely benefit to the truth-finding objective of requiring production, especially considering the other factors addressed above. As to burden and expense, movant broadly avers in his memorandum in support of the motion, without substantiation or evidentiary support, that he

> does hundreds of hours of radio programming every year. To require him to identify all instances in which he made mention of any of the defendants in the lawsuit or any comments about Charlottesville would require listening very closely for hundreds of hours and is unreasonable and impractical. Movant . . . receives hundreds of thousands of emails every year/Movant's email client [list] alone has an astounding 46 gigabytes of text data . . . .

> Most email addresses don't have the person's name or personal information. Many times people write and don't identify themselves, so simply identifying and or attempting to identify the defendants' emails or any correspondence is a task that would take many lifetimes of effort, and no search could identify the references sought by plaintiff with any degree of certainty.

This objection is hyperbolic. Each of these requests contains express reference to some particularly identified occurrence, event, date or person. The particularity of each request makes a focused, keyword search of Duke's database of responsive materials reasonably able to be accomplished. Plaintiff need only make a reasonable keyword-phrased, good faith search, using the particularly described dates, events, occurrences or persons identified in each request, and produce those materials uncovered by such a focused keyword search. He need not review each and every email in his database, for example, which do <u>not</u> refer to the events, dates or persons specified in these requests or engage in a deciphering effort as to his entire database to determine if materials that do <u>not</u> refer to the events, dates or persons specified in these requests were nevertheless sent by a defendant when the sender is not identified.

The motion is granted in part in that the subpoena is modified to delete Requests Nos. 5, 7, 13 and 14. No response to these requests is required. These requests are so broadly worded as to seek production of much that could be expected to be irrelevant to the claims in the Western Virginia case. In addition, insofar as some subset of these requests might seek materials that are relevant to the Western Virginia lawsuit, they are unreasonably cumulative or duplicative of other requests identified above as to which

13

movant must make responsive production. Fed. R. Civ. P. 26(b)(2)(C)(i). For example, Request No. 5 is so broadly worded that it conceivably would include <u>any</u> materials identifying any entity with which Duke is affiliated. Relevant and discoverable information concerning financial support from such entities for the Charlottesville events should be produced in response to Request No. 12. Requests Nos. 13 and 14 are so broadly worded that they conceivably would include <u>all</u> communications with these defendants and others, even if they have nothing to do with the claims asserted in this lawsuit. Relevant and discoverable communications with the persons and entities identified in these requests should be produced in response to other requests as to which responses are being required.

Accordingly, the subpoena is modified as provided above. IT IS ORDERED that, no later than June 18, 2018, subpoena recipient David Duke must produce to plaintiffs all materials responsive to Requests Nos. 1, 2, 3, 4, 6, 8, 9, 10, 11 and 12, within the time period of June 1, 2017 through the present.

New Orleans, Louisiana, this \_\_\_\_16th\_\_\_\_ day of May, 2018.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. JOEL C. HOPPE**
**UNITED STATES MAGISTRATE JUDGE**
**WESTERN DISTRICT OF VIRGINIA**